**Dated: December 31, 2019**

**The following is ORDERED:**



*Tom R Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**BRANDON WADE TURNEY,**            Case No. 18-80674-TRC
                                            Chapter 7
           Debtor.

## ORDER DENYING MOTION FOR EXTENSION OF TIME

Before the court is Creditor CM Heavy Machinery, LLC's Motion for Extension of Time to Object to Discharge (Docket Entry 79) and Debtor's Objection (Docket Entry 82). The court heard this motion by telephonic hearing at the request and consent of both parties. The only evidence presented by Creditor was the docket in this case. After review of the case file and applicable law the court concludes that the Motion should be denied.

Debtor filed this case on June 22, 2018. Debtor and Trustee filed motions to extend the deadline to object to discharge. Debtor did so because he amended schedules and corrected deficiencies in addresses (Docket Entry 16). Debtor had included CM on the matrix and Schedule E/F as a nonpriority unsecured claim but did not list its address. Debtor amended the matrix and Schedule E/F to add CM's address as OK Box 309, Okemah, OK 74859. The court

extended the original deadline to object to discharge to November 29, 2018. Debtor mailed notice of the case and deadlines on October 30, 2018 (Docket Entry 32), Debtor's discharge was entered January 21, 2019.

Creditor CM Heavy Machinery, LLC ("CM") states that it did not receive notice of Debtor's bankruptcy until December 2, 2018, three days after the deadline to file an objection to his discharge. Its Motion states that Debtor gave inadequate notice, stating that Debtor did not have CM's proper address, nor file a suggestion of bankruptcy in a state court case pending in Texas. CM does not state how the matrix address was incorrect, what its correct address is, nor how it became aware of the bankruptcy on December 2, 2018 in spite of the allegedly incorrect address. CM filed a proof of claim on January 22, 2019, listing its address as PO Box 309, Okemah, OK 74859. CM filed its first motion to extend the deadline to object to discharge on July 11, 2019 (Docket Entry 70). That motion was stricken due to failure to comply with this court's procedures for giving notice (Docket Entries 71 and 72). It filed this Motion on August 6, 2019.

CM seeks relief and requests an order allowing it an extension of time to object to Debtor's discharge pursuant to Fed. R. Bankr. P. 9006, citing excusable neglect. The court offered CM and Debtor the opportunity to hold an evidentiary hearing in which witnesses could be examined as well as an opportunity to present an affidavit or other documents in support of its Motion. This opportunity was waived in favor of the telephonic hearing in which counsel stated that their evidence was contained in the docket.

Both parties cite *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993), which identifies the factors courts should consider when assessing "excusable neglect" under Rule 9006(b)(1): danger of prejudice to the debtor, length

of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. However, Rule 9006(b)(3) states that the court may enlarge the time for taking action under certain rules – including Rule 4004(a) which sets the time for objections to discharge – "only to the extent and under the conditions stated in those rules." Rule 4004(b)(2) sets forth the conditions under which the deadline in Rule 4004(a) to object to discharge may be extended. If the deadline has already expired, a motion to extend time to object to discharge may be filed so long as it is filed before the discharge is entered and other conditions therein are met. The motion must also be filed "promptly after the movant discovers the facts on which the objection is based."

The U.S. Supreme Court has determined that deadlines set in Rules 4004 and 4007 regarding complaints objecting to discharge and determinations of dischargeability are procedural rather than jurisdictional; thus, failure to comply with those deadlines does not deprive this court of authority to adjudicate those claims. *See Kontrick v. Ryan,* 540 U.S. 443, 454 (2004). These Rules prescribe the circumstances that should occur before a court should allow an action to proceed after the deadline has run. To preserve its objection to Debtor's discharge after missing the deadline to object, CM may assert equitable defenses such as waiver, estoppel and equitable tolling of the deadline. These defenses must be evaluated to be consistent with the primary goals of bankruptcy of providing debtors with a fresh start and resolving discharge issues promptly. *See McNaughton v. Maytorena (In re Maytorena),* 2011 WL 5509194, at *6-7 (Bankr. D.N.M. Nov. 4, 2011). Equitable relief from these deadlines should only be extended "sparingly." *Id.* at *7. Equitable tolling may extend a deadline to object to discharge if a movant can show that it has been pursuing its rights diligently, and extraordinary

circumstances prevented it from complying with the deadline.  Other factors that courts may consider include: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) absence of prejudice to the debtor; and (4) reasonableness in remaining ignorant of the notice requirement.  *Id.* at *7 (citations omitted.)  These factors are very similar to those cited in *Pioneer Investment* regarding excusable neglect.

Once creditors receive notice of a bankruptcy case, they are expected to inform themselves of the applicable deadlines and act promptly to protect their rights.  *Maytorena.* at * 5 (citations omitted).  Acting promptly and pursuing its rights diligently is critical and reflects upon the good faith of the movant in seeking an extension of an expired deadline.  In this case, CM's address was added to the amended matrix and notice of the case and deadlines was mailed to it on October 30, 2018, approximately one month prior to the expiration of the deadline to object to discharge.  Even if CM did not actually receive the notice until after the November 29, 2018 deadline, CM admits that it became aware of Debtor's bankruptcy shortly thereafter on December 2, 2018.  It should have investigated and noted that the deadline to object to discharge had expired, and reviewed Rule 4004.  It filed a proof of claim before the deadline of January 31, 2019.  Debtor's discharge was not entered until January 21, 2019, one month after CM acknowledges receiving notice of the case.

CM offers no excuse as to why it did not seek relief promptly under Rule 4004(b)(2), even though it had time to do so.  Counsel advised that the associate attorney handling the case left the firm sometime during this time frame but given the fact that CM's law firm was able to file a timely proof of claim for CM, it does not appear that this event prevented it from acting promptly to seek an extension of the deadline pursuant to Rule 4004(b)(2).  The court agrees with Debtor's assertion that taking action in a prompt and timely fashion was within the

reasonable control of CM and its counsel; indeed, it was its responsibility to do so. Its neglect to seek an extension of the deadline prior to the entry of Debtor's discharge and for over seven months after notice of the bankruptcy is unreasonable and without excuse. It has not explained why it could not act promptly and has shown no extraordinary circumstances excusing its neglect or justifying an equitable tolling of the deadline. Once it learned of the bankruptcy, it failed to act promptly to protect its rights. The court finds that its failure to act for over seven months is prejudicial to the Debtor and is not consistent with the goals of bankruptcy.

IT IS THEREFORE ORDERED that Creditor CM Heavy Machinery, LLC's Motion for Extension of Time to Object to Discharge (Docket Entry 79) is **denied**.

###